CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com
aito@hibklaw.com

Proposed Attorneys for Debtor
and Debtor-in-Possession

| | |
|---|---|
| In re<br><br>PACIFIC LINKS U.S. HOLDINGS, INC, a Delaware Corporation,<br><br>   Debtor and<br>   Debtor-in-possession<br><br>This document relates to:<br>ALL CASES | Case No. 21-00094<br>(Chapter 11)<br>(Jointly Administered)<br><br>Date: to be set<br>Time: to be set<br>Judge: Hon. Robert J. Faris |

## DECLARATION OF WEI ZHOU IN SUPPORT OF "FIRST DAY" MOTIONS

I, WEI ZHOU, hereby declare under penalty of perjury, that:

1. I am the President of Pacific Links U.S. Holdings, Inc. ("PLUSH")

and the manager of Hawaii MVCC LLC, Hawaii MGCW LLC, MDRE LLC,

1

MDRE 2 LLC, MDRE 3 LLC, MDRE 4 LLC, and MDRE 5 LLC (collectively with PLUSH, the "Debtors").

2. Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge of the Debtors' business operations, my review of relevant business records of the Debtors, and other information provided to me or verified by other consultants under my direction and control. Unless otherwise indicated, the financial information contained in this Declaration is unaudited and, due to the exigent circumstances facing the Debtors and the urgent need to file these cases, certain of the information contained herein is subject to change. However, I am not aware of any information contained herein that is inaccurate.

3. This Declaration is submitted in Support of the following First Day Motions, including:

- Application to Employ Choi & Ito as General Bankruptcy Counsel for all Debtors;

- Motion For Order Authorizing Debtor to Use Cash Collateral for MVCC; ("Cash Collateral Motion");

- Motion For Order Authorizing Debtor To Pay Pre-Petition Wages And Other Employment-Related Costs And Expenses And To Honor Pre-Petition Employee Benefits ("Wage Motion") for MVCC;

- Motion For Order Under 11 U.S.C. §§ 105(A) And 366(C) (I) Prohibiting Utilities From Altering Or Discontinuing Services On Account Of Pre-Petition Invoices, And (II) Establishing

2

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 11   Filed  02/03/21   Page 2 of 10

Procedures To Determine Requests For Additional Assurance Of Payment ("Utilities Motion") for MVCC and MGCW

**DEBTORS' HISTORY BUSINESSES**

4. PACIFIC LINKS U.S. HOLDINGS, INC. ("PLUSH") is a Delaware Corporation. PLUSH at one time owned the Kapolei Golf Club, Olomana Golf Club, and the Royal Hawaiian Golf Club and certain golf courses on the mainland. PLUSH sold these golf courses over time.

5. Its only remaining assets are interests in seven Hawaii limited liability companies, Hawaii MGCW LLC ("MGCW"), Hawaii MVCC LLC ("MVCC"), MDRE LLC, MDRE 2 LLC, MDRE 3 LLC ("MDRE 3"), MDRE 4 LLC ("MDRE 4"), and MDRE 5 LLC (collectively, the "Subsidiary Debtors", together with PLUSH, the "Debtors").

6. The Subsidiary Debtors collectively own approximately 644 acres of entitled master-planned development property commonly referred to as the "Makaha Valley Resort" project. The project includes two golf courses, and authorizes up to approximately 250 hotel units, approximately 318 time share units, 110 residential units, and approximately 88 golf villa units.

7. The Makaha Valley Project's book value was approximately $47.4 million as of December 31, 2019.

8. One of the two golf courses, the Makaha Valley Country Club, owned and operated by MVCC, remains open for business. It has approximately 15 employees.

9. Two of the Makaha Valley Resort parcels are resort zoned and encumbered by a purchase money mortgage recorded in July, 2015 in favor of MRGC LLC and Kehalani Commercial Associates LLC (together, the "Seller"). MDRE 3 and MDRE 4 own the resort zoned parcels (totaling approximately 44 acres) formerly owned by Seller.

10. In October, 2019, the Makaha Valley Resort was listed by CBRE for sale at $35 million. By the spring of 2020, CBRE had received strong expressions of interest for the project. However, the Pandemic stifled further interest from potential buyers and marketing efforts were unsuccessful during most of the past year.[1]

11. In December, 2019, the Debtors executed a Secured Guaranty (the "Secured Guaranty") in favor of Tianjin Dinhui Hongjun Equity Investment Partnership ("CDH"), a Chinese hedge fund that loaned approximately 400 million

---

[1] The prior CBRE listing agreement has expired. The Debtors will be filing an application to employ CBRE to recommence marketing efforts.

RMB (the "CDH Debt") to Tianjin Kapolei Business Information Consultancy Co., Ltd. (the "TLB").[2]

12. Pursuant to the Secured Guaranty, the Debtors guaranteed the obligations of the TLB to CDH and concurrently, each of the Subsidiary Debtors executed mortgages for the various Makaha Resort Development parcels in favor of CDH to secure the obligations under the Secured Guaranty (collectively, the "CDH Mortgages"). I am informed that the CDH Mortgages were recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaii, in March and April, 2020.

13. The CDH Debt as of December, 2019, was approximately $61 million. However, at the time of the transaction, the Debtors (as opposed to TLB) did not receive any benefit from CDH.

14. In March, 2020, Seller commenced a foreclosure against MDRE 3 and MDRE 4 in the Circuit Court for the First Circuit Court of the State of Hawaii. The First Circuit Court recently granted summary judgment in favor of Seller and appointed a foreclosure commissioner. Seller asserts that it is owed approximately $6 million.[3]

---

[2] TLB is majority owned by Sha Du, a Chinese national and a resident of Canada. Mr. Du controls a group of companies referred to as the "Pacific Links Golf Network" that included golf courses in North America, Hawaii, and in Asia through various entities.

[3] Seller's collateral is situated in the middle of the Makaha Valley Project.

15. In January, 2021, CDH, commenced a foreclosure action against the Subsidiary Debtors (except MDRE 3) based on the CDH Secured Guaranty.

16. On February 1, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii (the "Court"), and filed an *Ex Parte Motion for Joint Administration* of the eight related cases in each case.

17. On February 2, 2021, the Court entered separate orders in each of the Debtors' cases approving the joint administration (but not the substantive consolidation) of these cases.

18. As of the Petition Date, the only substantial cash in the collective estates was held by MVCC, with an approximate balance of $67,614.

**FIRST DAY MOTIONS**

19. The Debtors are filing concurrently herewith various "first day" motions and applications. The relief requested in the motions and applications will enable the Debtors to continue to operate effectively. Accordingly, the Debtors request that all of the "first day" motions and applications be granted in their entirety.

    A.    <u>CASH COLLATERAL MOTION</u>

20. I have reviewed the Motion for Order Authorizing Debtor to Use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) for MVCC (the "Cash Collateral

Motion").

21. All of the facts set forth in the Cash Collateral Motion are true and correct to the best of my knowledge, information and belief.

22. Attached to the Cash Collateral Motion as <u>Exhibit A</u> is a true and correct copy of the proposed budget for MVCC for the six months ending July 31, 2021.

23. Attached to the Cash Collateral Motion as <u>Exhibit B</u> is a true and correct copy of a Financing Statement and Lien Report (the "UCC Report") for MVCC dated as of March 21, 2019. No UCC financing statement was recorded for MVCC. However, the CDH mortgage recorded against MVCC in April, 2020, contains an assignment of "rents and profits" provision.

24. The Debtors have obtained a DIP loan commitment of $250,000.00 for a period of six months and will be filing the DIP financing motion shortly with a budget for all of the Debtors.

B.     <u>MOTION TO PAY PRE-PETITION WAGES</u>

25. I have reviewed the Motion for Order Authorizing MVCC to Pay Pre-Petition Wages and Other Employment-Related Costs and Expenses and to Honor Pre-Petition Employee Benefits ("Wage Motion"). The facts regarding the operation of MVCC and MGCW, particularly those facts pertaining to the wages

7

Motion").

21. All of the facts set forth in the Cash Collateral Motion are true and correct to the best of my knowledge, information and belief.

22. Attached to the Cash Collateral Motion as <u>Exhibit A</u> is a true and correct copy of the proposed budget for MVCC for the six months ending July 31, 2021.

23. Attached to the Cash Collateral Motion as <u>Exhibit B</u> is a true and correct copy of a Financing Statement and Lien Report (the "UCC Report") for MVCC dated as of March 21, 2019. No UCC financing statement was recorded for MVCC. However, the CDH mortgage recorded against MVCC in April, 2020, contains an assignment of "rents and profits" provision.

24. The Debtors have obtained a DIP loan commitment of $250,000.00 for a period of six months and will be filing the DIP financing motion shortly with a budget for all of the Debtors.

B.     <u>MOTION TO PAY PRE-PETITION WAGES</u>

25. I have reviewed the Motion for Order Authorizing MVCC to Pay Pre-Petition Wages and Other Employment-Related Costs and Expenses and to Honor Pre-Petition Employee Benefits ("Wage Motion"). The facts regarding the operation of MVCC and MGCW, particularly those facts pertaining to the wages

7

and benefits paid to these employees as set forth in the Wage Motion, are true and correct to the best of my knowledge, information, and belief.

26. Payment of the employee wages and benefits as requested will prevent disruption to the golf course operations and preserve its goodwill for the benefit of all creditors.

27. Attached to the Wage Motion as <u>Exhibit A</u> is a true and correct copy of a list showing the net pay received by the employees for the period ending January 17, 2021.

28. Attached to the Wage Motion as <u>Exhibit B</u> is a true and correct copy of a list showing the total accrued vacation and sick pay for the employees as of January 17, 2021

    C.    <u>APPLICATION FOR ORDER APPROVING EMPLOYMENT OF CHOI & ITO, ATTORNEYS AT LAW, AS COUNSEL TO THE DEBTORS</u>

29. In the Application for Order Approving Employment of Choi & Ito, Attorneys at Law as Counsel to Debtor ("C&I Employment Application"), the Debtors move the Court for an interim and final order authorizing the Debtors to retain the law firm of Choi & Ito, Attorneys at Law ("C&I") as its general counsel for these Chapter 11 bankruptcy proceedings.

30. The Debtors require a law firm to represent it during the bankruptcy proceeding. The Debtor wishes to retain C&I as its bankruptcy counsel.

31. The Debtors are informed C&I has considerable experience in representing debtors under chapter 11 of the Bankruptcy Code. I believe that it is in the best interest of the Debtors' estates that C&I be employed to represent the Debtors effective as of the Petition Date.

H. UTILITIES MOTION

32. I have reviewed the Motion for Order Pursuant to 11 U.S.C. § 366 Prohibiting Utilities from Altering, Refusing or Discontinuing Services and Determining that Adequate Assurance of Payment for Future Utility Services has been Provided to Utilities ("Utilities Motion"). All of the facts set forth in the Utilities Motion are true and correct to the best of my knowledge, information and belief.

33. MVCC and MGCW will be able to continue to pay on a current basis the cost of operating its business, including the payment of Utilities (as defined in the Utilities Motion) in full on a monthly basis in the ordinary course of its operations.

34. Attached to the Utilities Motion as <u>Exhibit A and Exhibit B</u> are the most recent itemized list of all Utilities which presently provide service to the MVCC and MGCW, respectively. The list also shows that for a typical month, the combined total of all payments to be made to MVCC Utilities is approximately $21,801.11 and MGCW's Utilities is approximately $365.00.

9

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 11   Filed   02/03/21   Page 9 of 10

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: North York, Ontario, Canada, February 3, 2021.

_____
WEI ZHOU