CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com

Attorneys for Debtors and
Debtors-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>PACIFIC LINKS US. HOLDINGS, INC.,<br><br>      Debtor and<br>      Debtor-in-possession. | Case No. 21-00094<br>(Jointly Administered)<br>(Chapter 11)<br><br><u>Hearing:</u><br><br>Date:    August 23, 2021<br>Time:    2:00 p.m.<br>Judge:  Hon. Robert J. Faris |
| This document relates to:<br><br>ALL CASES | [Related to dkt. #208, 228, 230, 232, 234, 236] |

## DEBTORS' REPLY TO OBJECTIONS TO MOTION FOR ORDER APPROVING DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN AND BALLOTING PROCEDURES <u>AND SCHEDULING DEADLINES</u>

PACIFIC LINKS U.S. HOLDINGS, INC., Hawaii MVCC, LLC

("MVCC"), Hawaii MGCW, LLC, MDRE LLC, MDRE 2 LLC, MDRE 3 LLC,

83799

MDRE 4 LLC, and MDRE 5 LLC (collectively, "Debtors")[1] by and through their undersigned counsel, hereby file this Reply to the following position statements and objections to the Debtors' *Motion for Order Approving Disclosure Statement* (the "Motion"):

(a) *United States Trustee's Objection to Debtors' Motion for Order Approving Disclosure Statement and for Joint Chapter 11 Plan, and Balloting Procedures and Scheduling Deadlines* (the "UST Objection"), filed by the Office of the United States Trustee ("UST") as dkt. # 228;

(b) *Department of Taxation, State of Hawaii's Objection to the Debtors' Disclosure Statement Dated June 25, 2021* (the "DOTAX Objection") filed by Department of Taxation for the State of Hawaii ("DOTAX") filed as dkt. # 230;

(c) *Creditor Rudolph J. Anderson's Objection to Motion for Order Approving Disclosure Statement Joint Chapter 11 Plan, and Balloting Procedures and Scheduling Deadlines filed July 12, 2021* (the "Anderson Objection") filed by Rudolph J. Anderson ("Anderson") as dkt. #232;

(d) *Secured Creditors MRGC LLC and Kehalani Commercial Associates LLC's Statement Regarding Proposed Disclosure Statement dated June 25, 2021 for First Joint Chapter 11 Plan* (the "Towne Statement") filed by *Secured*

---

[1] Terms used herein and not otherwise defined shall have the meanings given them in the Plan.

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 238   Filed  08/23/21   Page 2 of 13

*Creditors MRGC LLC and Kehalani Commercial Associates LLC's* ("Towne") as dkt. #234; and

(e) *Secured Creditor Tianjin Dinghui Hongjun Equity Investment Partnership's Opposition to Debtors' Motion for Order Approving Disclosure Statement for Joint Chapter 11 Plan, and Balloting Procedures and Scheduling Deadlines* (the "TDH Objection") filed by Secured Creditor Tianjin Dinghui Hongjun Equity Investment Partnership ("TDH") as dkt. #236.

## I.  INTRODUCTION

The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 1, 2021, with the stated goal of selling off the 644 acres of entitled Makaha Property free and clear of liens.

Except for approximately 41-acres, the Makaha Property is encumbered by disputed mortgages recorded in 2020 in favor of TDH, which extended financing to a Chinese company controlled by Mr. Du.  The Plan protects the rights of TDH, and contains reasonable deadlines for the sale or auction of the Makaha Property.  The only "contingency" is the outcome of the fraudulent transfer lawsuit filed against TDH early in this proceeding.  All creditors, with the possible exception of Towne which holds undisputed mortgages on 44 "resort-zoned" acres, are aligned against TDH.  Creditors will not receive a distribution unless the outcome of the lawsuit, which is being funded by an insider, is favorable.

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 238   Filed  08/23/21   Page 3 of 13

Five objections and statements were filed in response to the Disclosure Statement by the UST, DOTAX, Anderson, Towne and TDH, as follows:

A.      UST OBJECTION AND REPLY

| UST OBJECTION | REPLY |
|---|---|
| 1. Disclosure Statement should be amended "to make clear the Debtor's employment of any disbursing agent, and terms of compensation, should be subject to prior Court approval." | Disclosure Statement will be clarified to provide that Debtors do not intend to employ a third-party disbursing agent. |
| 2. If substantive consolidation is warranted, then a consolidated liquidation analysis is warranted.<br><br>If substantive consolidation is not warranted, then a liquidation analysis for each debtor should be provided. | The Plan does not purport to substantively consolidate the separate estates. Instead, the Plan provides that for purposes of voting and distribution only, creditors will be paid from the same "pot". *See* Plan at Section IV.A.1. |
| 3. Disclosure Statement contains "no estimate of the amount of post-petition administrative expenses outstanding and anticipated to be incurred up to the effective date." | The Liquidation Analysis submitted as dkt. #214 sets forth an estimated range of administrative expenses: $500,000 - $800,000 for professionals' fees; $500,000-$1,000,000 for DIP Loan. |
| 4. Section XI.C of the Plan (Exculpation Provision) – Exculpation Provision is vague overbroad, and not limited to the reorganization process. | This is a confirmation issue.<br><br>The Debtors note that the exculpation language is limited in time (post-petition) and also specifically carves out "bad acts" ("willful misconduct or gross negligence"). *See* Blixseth v. Credit Suisse, 961 F.3d 1074 (9th Cir. 2020), cert. denied, 141 S.Ct. 1394, 209 L.Ed.2d 132 (2021) (affirming exculpated post-petition actions, including, amongst others, acts or |

| UST OBJECTION | REPLY |
|---|---|
| | omissions in connection with/relating to or arising out of implementation or consummation of the Plan, but also carved out bad acts). |
| 5. Section XI. D – extinguishment of avoidance actions | In its SOFA, MVCC identified every payment made during the 90-day preference period (totaling approximately $96,500) where the aggregate value of all transfers exceed $6,825. The payments were for general excise taxes, insurance, electricity, gas/propane, and wastewater treatment. The Debtors believe there are new value and other defenses to any lawsuits to recover these payments. Most importantly, the cost to litigate the preference transfer claims would further deplete the limited funds available to unsecured creditors, and ultimately will not result in a net recovery to the Estates after considering legal fees.<br><br>MVCC did not make any payments to insiders during the one-year insider preference period. None of the other Debtors made any payments during the 90-day preference period, or to insiders during the one-year insider preference period. |

B.     DOTAX OBJECTION AND REPLY

| DOTAX OBJECTION | REPLY |
|---|---|
| 1. Failure to file 2019 and 2020 corporate net income tax returns. | Debtors intend to file the missing returns.<br><br>MVCC is current on GET. |

| DOTAX OBJECTION | REPLY |
|---|---|
| 2. Plan should specify the payment intervals for priority taxes. | This is a confirmation issue. Plan and/or confirmation order will be amended. |
| 3. Disclosure Statement should show future financial projections for period through the closing date.<br><br>Debtors should confirm if Mr. Du will continue to fund operations to pay all post-petition state tax liabilities | Section III.B.2. of the Disclosure Statement provides that the DIP Lender will fund amounts to pay all Administrative and Priority Claims in full under the Plan. Debtors will amend the Disclosure Statement to clarify that MVCC's operating shortfall, if any, will be funded by the DIP Lender. |
| 4. Debtors should explain why they are paying Mr. Anderson's claim through the bankruptcy when the Debtors will not be paying any tax penalties. | *See* POC # 10 filed by Mr. Anderson.<br><br>This is a confirmation issue. |
| 5. Debtors should clarify if they are willing to sell the Makaha Properties in piecemeal.<br><br>Debtors should have separate definitions – one with inclusive of the Towne Parcels and one without the Towne Parcels. | Debtors are not willing to attempt to a piecemeal sale of the 22 TMK lots that constitute the Makaha Property.<br><br>The Plan allows Towne to "take back" its collateral in satisfaction of its claims. |

C.    ANDERSON OBJECTION AND REPLY

| ANDERSON OBJECTION | REPLY |
|---|---|
| 1. Disclosure of international operations of the entire Pacific Links group of companies. | Disclosure Statement at pdf 13-14 adequately describes the relationships. |
| 2. Claim Objection Deadline should be extended until a reasonable time after disposition of the TDH Lawsuit. | Debtors intend to amend the Plan to so provide. |

6

D.    TOWNE STATEMENT AND REPLY

| TOWNE'S STATEMENT | REPLY |
| --- | --- |
| 1. "Effective Date of the Plan" not adequately disclosed | Plan confirmation issue, but the Debtors note that the Effective Date is contingent on the sale/auction and the final resolution of all claims in the TDH Lawsuit.<br><br>Notwithstanding the foregoing, the Debtors propose to amend the Disclosure Statement to add a discussion as follows:<br><br>"The Effective Date is dependent on the satisfaction of certain conditions precedent including without limitation the sale/auction of the Makaha Property and the final resolution of all claims in the TDH Lawsuit.  Trial in the TDH Lawsuit is schedule for June 27, 2022. It is uncertain when the Bankruptcy Court will enter a final judgment." |
| 2.  Disclosure Statement should provide "any asking price or offer in any stalking horse sale or auction sale include a specified price for the [Town] Property rather than a bulk offer for all of the Debtors' Estates." | In prior discussions with Towne counsel the Debtors have agreed to this request, and have asked two prospective bidders to do so. |
| 3. Disclosure Statement should provide "The terms, including the exact time and manner, by which Secured Lender may exercise its right to elect whether it will agree or not to any stalking horse sale transaction which includes the Property must to[sic] be specified." | The Disclosure Statement (and Plan) will be amended to include the following language:<br><br>The Holder of the Towne Secured Claim shall make its election to "take back" the Towne Collateral free and clear of encumbrances and in full satisfaction of the Towne Secured Claim by stating its intent in |

| TOWNE'S STATEMENT | REPLY |
|---|---|
| | any response to the Sale Motion on or before the applicable response deadline (i.e., 14 days before hearing date or as otherwise ordered by the Court). In the event the Debtors have not filed a motion to approve a Sale Transaction by the Outside Closing Date (or such later date as the Bankruptcy Court may order), then Towne shall make its election to "take back" the Towne Collateral free and clear of encumbrances and in full satisfaction of the Towne Secured Claim by submitting to MDRE 3 and MDRE 4 a written election not later than the date that is 14 calendar days after the Outside Closing Date (or such later date as the Bankruptcy Court may order). Towne's failure to make an election shall be deemed as consent for the Towne Collateral to be included in the auction and Towne shall be bound to accept the Purchase Price Allocation for the Towne Collateral by the successful bidder at auction. |
| 4. "The deadline for Secured Lender to elect to receive the Secured Lender's collateral if the Secured Lender disagrees to any stalking horse sale transaction occurring prior to June 22, 2022." | *See* Response to Towne Statement #3 above. |
| 5. "The deadline for the Secured Lender to elect to receive the Secured Lender's collateral if the Secured Lender disagrees to any | *See* Response to Towne Statement #3 above. |

| TOWNE'S STATEMENT | REPLY |
|---|---|
| auction of the Debtor's property prior to June 22, 2022." | |
| 6. "The terms, including the exact time, manner and deadline, by which Secured Lender may exercise its right to elect whether it will exercise its 363(k) bid in any auction must be specified" | *See* Response to Towne Statement #3 above. |
| 7. The terms of the exact time and manner regarding the transfer of the Property to Secured Creditor, free and clear of liens and claims to Secured Lender must be specified. | In the event that Towne timely elects to take back the Towne Collateral, MDRE 3 and MDRE 4 shall convey the Towne Collateral within a reasonable period of time thereafter (e.g., 21 days or as otherwise agreed by the parties). |

E.    TDH OBJECTION AND REPLY

| TDH OBJECTION | REPLY |
|---|---|
| The Plan / Disclosure Statement lacks any analysis of the factors requirement for a substantive consolidation.<br><br>"The Lack of approval of consolidation renders the Plan un-confirmable and thus, the Court should deny the [Motion]." | Plan Confirmation issue and constitutes a conclusory objection. Substantive consolidation solely for plan purposes is not uncommon. *See e.g.*, <u>In re Accuride Corp.</u>, No. 09-13449 BLS, 2010 WL 5093173, at *10 (Bankr. D. Del. Feb. 18, 2010) ("the limited substantive consolidation provided for in the Plan is consistent with the requirements of the Bankruptcy Code").<br><br>Debtors reserve the right to file a formal substantive consolidation motion at time of plan confirmation. |

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 238   Filed  08/23/21   Page 9 of 13

| TDH OBJECTION | REPLY |
|---|---|
| B.1. No Liquidation Analysis. | Liquidation Analysis submitted as dkt. #214. |
| B.2. In adequate disclosure of Debtors' relationships with affiliates. | Disclosure Statement at pdf 13-14 adequately describes the relationships. |
| B.3. Failure to identify source of the DIP Loan.<br><br>No disclosure of transaction by and among the Debtors and Chinese insiders and affiliates. | Wei Zhou funded the DIP Loan.<br><br>Discovery regarding any transaction between Debtors on the one hand and Chinese Affiliate on the other hand should be obtained in the pending adversary. |
| B.4. Lack of "a detailed summary of the arbitration proceeding in China initiated by TDH." | Outcome of Chinese arbitration will not impact the Plan.<br><br>Disclosure Statement at pdf 21 generally describes the arbitration proceeding pending in China. |
| B.5. Lack of disclosure of TDH's motion to compel arbitration in China that was filed on August 13, 2021. | TDH's motion to compel arbitration was filed seven weeks after the Disclosure Statement.<br><br>Section II. F.4 of the Disclosure Statement will reference the filing. |
| B.6(A) Lack of an "analysis of the likelihood that the Debtors may prevail in the TDH Litigation and the impact on the Plan. For example, a court can determine that the TDH mortgages may be avoidable (they are not) and TDH then has an unsecured claim that dwarfs all other unsecured claims." | Debtors believe that they will prevail in the litigation. *Also See* definition of "Available Sales Proceeds" ("sale proceeds, if any, available to the Estates from the Sale Transaction at the conclusion of the CDH Lawsuit") and "Available General Unsecured Proceeds" ("Available Sale Proceeds, if any, less Administrative Expense Claims, Employee Priority Claims, |

| TDH OBJECTION | REPLY |
|---|---|
| | Priority Tax Claims, and the DIP Loan"). |
| B.6(B)  The Plan does not provide for the "earliest possible recovery" to creditors. | Plan confirmation issue.  Objection is without basis as the Plan contemplates the prompt distribution of proceeds upon resolution of the CDH Lawsuit. |
| B.7.  Lack of disclosure of nature and amount claims filed by City and County of Honolulu (the "County") for real property taxes totaling $579,090.31. | The County filed proofs of claim *four weeks after* the Disclosure Statement was filed *See* POC 43-48.<br><br>Liquidation Analysis submitted as dkt. #214 describes the real property taxes owing in the range of $630,440 to $947,526.<br><br>Debtors will include a summary of the proofs of claims filed by the County in Section III.A.2 (Payment of Priority Tax Claims) of the Disclosure Statement. |
| B.8. Lack of estimated amount of post-petition administrative expenses incurred through the Effective Date. | The Debtors are current on post-petition administrative expenses (except for payment of real property taxes).<br><br>The Liquidation Analysis submitted as dkt. #214 sets forth an estimated range of administrative expenses: $500,000 - $800,000 for professionals' fees; $500,000-$1,000,000 for DIP Loan. |
| B.9.  Uncertainty of the Effective Date of the Plan (the Effective Date of the Plan is not a date certain). | *See* Reply to Towne Statement #1 above. |
| B.10.  Lack of loan commitment or proof of agreement to fund any shortfall to pay Administrative and | Plan confirmation issue. |

| TDH OBJECTION | REPLY |
|---|---|
| Priority Claims in full under the plan. | *See* Reply to DoTax Objection #3 above. |
| C.1 Plan is not filed in good faith – plan "favors insiders and affiliates (Pacific Links International Company) who are actually liable for such claims to the Chinese Investors. | Plan confirmation issue.<br><br>Anderson's claim and Chinese Investors' claims were listed as disputed on PLUSH's schedules. ClubEssential LLC claim was listed as $2,794.50 on PLUSH's schedules but ClubEssential filed a proof of claim in the amount of $11,178.00. *See* POC # 12.<br><br>TGR Design (Tiger Woods) claim was listed as contingent and disputed on MDRE LLC's schedules. Tiger Woods Design Inc. dba TGR Design filed a proof of claim in the amount of $500,000.00. *See* POC # 22. |
| C.2 Failure to avoid, recharacterize or subordinate Insider Claims of Numbers Corporation. TDH alleges that this is a "capital contribution" and that "[a]ny remaining funds under the Plan should not be distributed to Numbers Corporation; rather, they should be distributed to the ultimate owners of the Debtors." | Plan confirmation issue. TDH mis-reads the Plan and Disclosure Statement. Numbers Corporation is effectively subordinated to all other Allowed Claims.<br><br>TDH lacks standing to raise such a claim. |

## CONCLUSION

WHEREFORE, the Debtors respectfully requests that the Court enter an

order (a) approving the Motion and the Disclosure Statement, as amended by this

Reply, as containing adequate information; (b) scheduling a confirmation hearing

for the Plan on a date in November, 2021 (to allow for solicitation of creditors in

12

China), and setting briefing and other deadlines; and (c) granting such other and further relief as the Court deems fair and just.

DATED: Honolulu, Hawaii, August 23, 2021.

/s/ Allison A. Ito
CHUCK C. CHOI
ALLISON A. ITO

Attorneys for Debtors and
Debtors-in-Possession

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 238   Filed  08/23/21   Page 13 of 13