**Date Signed:**
**May 13, 2022**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>PACIFIC LINKS US. HOLDINGS, INC.,<br><br>      Debtor and<br>      Debtor-in-possession. | Case No.  21-00094<br>(Jointly Administered)<br>(Chapter 11)<br><br>Hearing<br>Date:   March 21, 2022<br>Time:  2:00 p.m.<br>Judge:  Hon. Robert J. Faris |
| This document relates to:<br><br>ALL CASES | [Relates to Docket Nos. 440, 441, 446 447, 448, 457, 464] |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING FIRST MODIFIED SECOND AMENDED JOINT CHAPTER 11 PLAN

The hearing on confirming ("Confirmation Hearing") the *First Modified*

*Second Amended Joint Chapter 11 Plan* filed herein as docket #441 (the "Plan")[1]

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Plan.

84503

by the Debtors was held on March 21, 2022, at 2:00 p.m., before the Honorable Robert J. Faris, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Hawaii ("Court"). Appearances were noted in the record.

The findings and conclusions set forth herein, together with the record of the Confirmation Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The orders entered herein constitute the Court's judgment pursuant to Bankruptcy Rule 7054, made applicable to this proceeding by Bankruptcy Rule 9014.

Having considered all of the pleadings and evidence filed in support of confirmation, all of the objections to confirmation of the Plan having been resolved, withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### Filing of Petitions and Judicial Notice

1.      PACIFIC LINKS U.S. HOLDINGS, INC., a Delaware corporation ("PLUSH"), and its seven subsidiaries, HAWAII MVCC LLC, a Hawaii limited

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 2 of 24

liability company ("MVCC") HAWAII MGCW LLC, a Hawaii limited liability company ("MGCW"), MDRE LLC, a Hawaii limited liability company ("MDRE"), MDRE 2 LLC, a Hawaii limited liability company ("MDRE 2"), MDRE 3 LLC, a Hawaii limited liability company ("MDRE 3"), MDRE 4 LLC, a Hawaii limited liability company ("MDRE 4") and MDRE 5 LLC, a Hawaii limited liability company ("MDRE 5") (collectively, the "Debtors"), are the debtors and debtors-in-possession in Chapter 11 case nos. 21-00094, 21-00095, 21-00096, 21-00097, 21-00098, 21-00099, 21-00100, and 21-00101, which were commenced by the filing of voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on February 1, 2021 ("Chapter 11 Cases") in this Court.

2.      The Court takes judicial notice of the docket of the Debtors' Chapter 11 Cases, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at hearings held before this Court during the pendency of the Chapter 11 Cases.

3.      As of the Petition Date, MDRE 3 and MDRE 4 were defendants in a foreclosure action pending in the Circuit Court for the First Circuit Court of the State of Hawaii, as Civil No. 1CCF-20-0000447, commenced by Towne, and (b) MVCC, MGCW, MDRE, MDRE 2, MDRE 4, and MDRE 5 were defendants in a foreclosure action pending in the Circuit Court for the First Circuit Court of the State of Hawaii case Civil No. 1CCV-21-0000082, commenced by Tianjin Dinghui Hongjun Equity

U.S. Bankruptcy Court - Hawaii    #21-00094    Dkt # 500    Filed  05/13/22    Page 3 of 24

Investment Partnership, a Chinese limited partnership ("TDH" or "CDH").

4.      As of the Petition Date, the seven subsidiary debtors (MVCC, MGCW, MDRE, MDRE 2, MDRE 3, MDRE 4 and MDRE 5) owned approximately 644-acres of entitled, master-planned development property commonly referred to as the "Makaha Valley Resort" in the Makaha Valley on Oahu.

5.      As of the Petition Date, approximately 44 acres of real property owned by MDRE 3 and MDRE 4 were subject to valid, enforceable pre-petition mortgages in favor of Towne.

6.      As of the Petition Date, the approximately 600 acres of real property owned by MVCC, MGCW, MDRE, MDRE 2, MDRE 4 (as to approximately three) acres) and MDRE 5 were subject to disputed, pre-petition mortgages in favor of TDH.

### Adversary Proceeding, DIP Loans and SARE Motion

7.      On March 4, 2021, the Debtors commenced an adversary proceeding herein entitled *[PLUSH, et al.] v. [TDH]*, Adv. Pro. No. 21-90009, by filing a fraudulent transfer complaint against TDH seeking to avoid various loan documents, including but not limited to, the CDH Framework Agreement, CDH Secured Guaranty, and CDH Mortgages.

8.      Wei Zhou, the President of PLUSH and the sole manager of the subsidiary debtors, has agreed to extend up to $750,000.00 in post-petition financing

on an unsecured, administrative priority basis, and has been deemed a good faith lender status under Section 364(e) of the Bankruptcy Code.

9.     On May 26, 2021, the Court entered an *Order Granting Secured Creditor [TDH's] Motion for Determination Under 11 U.S.C. §362(d)(3) of Single Asset Real Estate Status of Each Debtor* (the "SARE Order"), and found six of the Debtors (excluding PLUSH and MGCW) to be single asset real estate entities within the meaning of Section 101(51B) of the Bankruptcy Code.

**Approval of Disclosure Statement, Transmittal of Solicitation Materials, and Good Faith Solicitation**

10.     On June 25, 2021, the Debtors filed their *First Proposed Joint Chapter 11 Plan* (the "First Plan"), together with a *Disclosure Statement Dated June 25, 2021 for [First Plan]*.

11.     The First Plan was filed as required by the Court's SARE Order which effectively set deadline of June 25, 2021 for six of the Debtors to file their chapter 11 plan.

12.     On July 12, 2021, the Debtors filed their *Motion for Order Approving Disclosure Statement for Joint Chapter 11 Plan, and Balloting Procedures and Scheduling Deadlines*.

13.     On November 26, 2021, the Debtors filed their *Second Amended Joint Chapter 11 Plan* (the "Second Plan"), together with a proposed *Disclosure Statement dated November 26, 2021 for Second Amended Joint Chapter 11 Plan*.

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed   05/13/22   Page 5 of 24

14.    On December 29, 2021, the Court entered an order approving the *Disclosure Statement dated November 26, 2021 for Second Amended Joint Chapter 11 Plan* (the "Solicitation Order") that, among other things, (a) approved the Disclosure Statement, (b) established March 21, 2022 as the date for the Confirmation Hearing, (c) established procedures for soliciting and tabulating votes with respect to the Plan, and (d) established procedures governing the Confirmation Hearing.

15.    In accordance with the Solicitation Order, the following items were transmitted to creditors and parties in interest by the Debtors: (a) the Disclosure Statement; (b) the Plan, (c) the notice of the Confirmation Hearing; and (d) with respect to those holders of claims or interests in classes entitled to vote under the Plan, a Ballot (as defined in the Solicitation Order).  All of said documents were transmitted to the appropriate parties on or before January 7, 2022.  Certain creditors in China were sent a Chinese translation of the Disclosure Statement.

16.    Service of the Plan and other solicitation matters was adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

17.    Based on the record before the Court in the Chapter 11 Cases, the Debtors and their respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or

- 6 -

formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

### Objections to Plan, Modification of Plan, Tabulation

18.    On March 7, 2022, the Office of the U.S. Trustee filed a *Limited Objection to Second Amended Chapter 11 Plan* (the "UST Limited Objection").

19.    On March 7, 2022, the Debtors filed their First Modified [Plan], along with a redline of the Final Modified Plan compared to the Plan (dated November 26, 2021), were served by email through the Court's ECF noticing system on counsel for TDH, the United States Trustee, State of Hawaii Department of Taxation, Rudolph Anderson, Towne, and all parties-in-interest that filed an appearance of record in the Chapter 11 Cases.

20.    Adequate and sufficient notice of the modifications to the Second Plan have been given, and no other further notice, or re-solicitation of votes on the Second Plan is required. None of the modifications incorporated in the (final confirmed) Plan adversely affects the treatment of any Claim or Equity Interest

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 7 of 24

thereunder. The filing with the Court of the Plan constitutes due and sufficient notice thereof.

21. On March 8, 2022, MRGC LLC and Kehalani Commercial Associates LLC (Towne) filed a *Statement Regarding First Modified Second Amended Joint Chapter 11 Plan* ("Towne Statement").

22. On March 9, 2022, TDH filed its *Objection to Confirmation of Debtors' First Modified Second Amended Chapter 11 Plan* ("TDH Objection")

23. On March 14, 2022, the Debtors filed the *Declaration of Allison A. Ito relating to Voting Tabulation*, attesting and certifying the method and results of the ballot tabulation ("Ballot Tabulation") for the Classes of Claims entitled to vote to accept or reject the Plan.

24. On March 16, 2022, the Debtors filed their (1) *Confirmation Brief for the [Plan]*; (2) the *Declaration of Wei Zhou in Support of Confirmation of [the Plan]*; and (3) the *Declaration of Chuck C. Choi.*

25. On March 18, 2022, certain creditors classified in Class 6 of the Plan filed a *Joinder in Debtors' Confirmation Brief for First Modified Second Amended Joint Chapter 11 Plan*.

26. Votes to accept and reject the Plan were solicited from creditors holding Claims in Classes 3 through 8. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 8 of 24

Bankruptcy Rules, the Solicitation Order, and past and present practice before the Court.

27.     The Ballot Tabulation establishes that each of Classes 5, 6 and 7 voted in favor of Confirmation of the Plan, and that Class 3 voted against Confirmation of the Plan.

28.     All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code Sections 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code Section 1126, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  The modifications do not adversely change the treatment for the accepting Classes.  Therefore, the acceptances of the accepting Classes are deemed to apply to the modifications. Additional notice under Bankruptcy Rule 3019(a) is not required.

29.     In accordance with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims and Equity Interests who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are presumed to have accepted the modifications contained in the Plan.  No Holder of a Claim or Equity Interest shall be permitted to change its vote as a consequence of

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 9 of 24

any such modifications.

**Resolution of Towne Statement, UST Limited Objection**
**TDH Objection Overruled**

30.     The Debtors have the burden of proving the elements of Section 1129 of the Bankruptcy Code by a preponderance of evidence, and have done so as set forth herein.

31.     To the extent not resolved or withdrawn, all objections to the Confirmation of the Plan are overruled in all respects, including but not limited to the objections raised in the TDH Objection.  The Confirmation Order, entered herewith, resolves the Towne Statement and the UST Limited Objection.

**Bankruptcy Code Requirements for Confirmation**

32.     In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates eight (8) Classes of Claims and one (1) Class of Equity Interests.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

33.     The Plan specifies that Classes 1 and 2 are not impaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code.  Said Class is deemed to have accepted the Plan because they are not impaired under the Plan.

- 10 -

34.     The Plan designates that Classes 3, 4, 5, 6, 7, and 8 are impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code.  Class 8 is deemed to reject the Plan as holders of Class 6 Claims receive receiving nothing under the Plan.

35.     Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 1, 2, 3, 4, 5, 6, 7, and 8.  Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

36.     As set forth in the Ballot Tabulation, Classes 5, 6, and 7 voted to accept the Plan, pursuant to Section 1126(c) of the Bankruptcy Code.

**Treatment of Claims**

37.     The holders of the Allowed Other Priority Claim (Class 1), the Allowed Towne Secured Claim (Class 2) will receive at least as much as it would receive in a case under chapter 7 with respect to those Claims.  The Treatment of Classes 1 and 2 are fair and equitable and does not unfairly discriminate against said Classes.

38.     The Holder of the Allowed CDH Secured Claim will receive as it much as it would receive in a case under chapter 7 with respect to those Claims. Distribution (if any) to the Holder of the Allowed CDH Secured Claim under the Plan is dependent on the outcome of the pending CDH Lawsuit.  Because the net

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 11 of 24

sales proceeds will be held in escrow pending resolution of the CDH Lawsuit, the Treatment of Class 3 is fair and equitable and does not unfairly discriminate against said Class.

39.    The Holder of the DIP Lender Claim (Class 4) will receive as it much as Holder would receive in a case under chapter 7 with respect to those Claims. The DIP Lender will not receive any distribution unless the Debtors are successful in the CDH Lawsuit. The Treatment of Class 4 is fair and equitable and does not unfairly discriminate against said Class.

40.    The Holders of the Allowed Rudolph Anderson General Unsecured Claim (Class 5), Allowed Chinese Investor Claims (Class 6), and Allowed General Unsecured Claim (Class 7) will receive more than they would receive in a case under chapter 7, because if the assets of the Debtors were liquidated outright, said Class would receive approximately less on account of their total claim amount. As a result, holders of Allowed Claims in Classes 5, 6, and 7 will receive as much under the Plan than in a case under chapter 7.

41.    The Holder of the Allowed Numbers Corporation General Unsecured Claim (Class 8) will not receive any consideration under the Plan unless the Debtors prevail in the CDH Lawsuit and after all Allowed Claims in Classes 5 through 7 are paid.

**Equity Interests**

42.     Allowed Equity Interest in Class 9 will not receive any consideration under the Plan.

43.     The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

**Means of Implementation**

44.     The Plan provides adequate and proper means for the Plan's implementation through use of Available Sale Proceeds and from funding by the DIP Lender (who has committed to loan such funds necessary to permit the Debtors to consummate the Sale Transaction, fund MVCC's operating shortfall (if any), litigate the CDH Lawsuit to conclusion, and if the Available Sales Proceeds are insufficient to pay Administrative and Priority Claims, the such amounts).

45.     The Debtors have exercised sound and considered business judgment in the formulation of the Plan.  The Debtors have demonstrated sound business purpose and justification for the Plan.

46.     All fees payable under Section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of Section 1129(a)(12).

- 13 -

47.     Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

48.     This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

49.     This Court has jurisdiction over these Chapter 11 Cases, pursuant to Sections 157 and 1334 of title 28 of the United States Code.  Venue is proper pursuant to Sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and has exclusive jurisdiction over all of the Debtors' assets.

**Compliance With Section 1129(a)(1)**

50.     The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a) of the Bankruptcy Code.

(a)     The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying Sections 1122 and 1123(a)(1) of the Bankruptcy Code;

(b)     The Plan specifies the treatment of each Class that is not impaired, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code;

- 14 -

(c)     The Plan specifies the treatment of each Class that is impaired, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code;

(d)     The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code;

(e)     The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Plan provisions, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code;

(f)     Section 1123(a)(6) of the Bankruptcy Code does not apply to the Debtors or the Plan;

(g)     The Debtors have disclosed the identities of the President and Manager of the Debtors post-confirmation, consistent with the interests of creditors, equity holders, and public policy in accordance with Section 1123(a)(7) of the Bankruptcy Code;

(h)     The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i)     The Plan is dated and identifies the Debtors submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

## Compliance With Section 1129(a)(2)

51.     The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

(a)     The Debtors are proper debtors under Section 109 of the Bankruptcy Code;

(b)     The Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

(c)     The Debtors complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

## Compliance With Section 1129(a)(3)

52.     The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code.  The good faith of the Debtors is evident from the facts and records of this case, the Plan, and the record of the Confirmation Hearing and other proceedings held in this case.  The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates.

53.     The injunctive provisions of the Plan and the Confirmation Order

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 16 of 24

implement the Debtors' discharge. Moreover, the Plan provides a mechanism for parties in this case to seek relief from the injunctions.

## Compliance With Section 1129(a)(4)

54.    Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Debtors' Chapter 11 Cases, or in connection with the Plan and incident to the Debtors' Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

## Compliance With Section 1129(a)(5)

55.    The Debtors have complied with Section 1129(a)(5) of the Bankruptcy Code. The identity of the individual who will serve as the President and Manager of the Debtors post-confirmation has been fully disclosed. The appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtors and with public policy. The identity of any insider that will be employed or retained by the Debtors after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

## Compliance With Section 1129(a)(6)

56.    Section 1129(a)(6) of the Bankruptcy Code is not applicable to these Debtors.

## Compliance With Section 1129(a)(7)

57.     The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis provided in the Plan (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Equity Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that  holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

## Compliance With Section 1129(a)(8)

58.     Classes 1 and 2 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.  Classes 5, 6, and 7 are impaired under the Plan and have voted to accept the Plan in accordance with Section 1126(d) of the Bankruptcy Code.  Class 9 is conclusively presumed to reject the Plan under Section 1126(g) of the Bankruptcy Code.

59.     With regard to Class 3, which rejected the Plan, the cramdown requirements of Section 1129(b)(2)(A) of the Bankruptcy Code are satisfied because the Holder of the Allowed Claim in Class 3 will receive, on account of the Holder's Allowed Claim, the Escrowed CDH Sale Proceeds which the Court determines to be the indubitable equivalent of the CDH Secured Claim.

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 18 of 24

60.     With regard to Class 4, the cramdown requirements of Section 1129(b)(2)(B) of the Bankruptcy Code are satisfied because the Holder of the Allowed Claim in Class 4 will receive, on account of the Holder's Allowed Claim, the Allowed amount of the Holder's Claim.

61.     With regard to Class 8, the cramdown requirements of Section 1129(b)(2)(B) of the Bankruptcy Code are satisfied because under the Plan, Class 9 Equity Interest will be extinguished, and will not retain any interest in the Debtors.

62.     Section 1129(a)(8) of the Bankruptcy Code has been satisfied.

### Compliance With Section 1129(a)(9)

63.     The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

### Compliance With Section 1129(a)(10)

64.     At least one Class of Claims against the Debtors that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.  The plan proponent need only satisfy this requirement on a "per plan" basis rather than on a "per debtor" basis.  *See Matter of Transwest Resort Properties Inc.*, 881 F.3d 724, 730 (9th Cir 2018).

### Compliance With Section 1129(a)(11)

65.     The evidence proffered, adduced, or presented prior to and at the

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 19 of 24

Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of this liquidating Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code.

## Compliance With Section 1129(a)(12)

66.    All fees payable under section 1930 of title 28, United States Code, as determined by the Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtors and the United States Trustee, thus satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code.

## Compliance With Section 1129(a)(13)

67.    Section 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" is inapplicable in the instant case as the Debtors do not have any such obligation.

## Other Matters

68.    The deemed consolidation of the Debtors under the Plan solely for purposes of voting and distribution is appropriate and does not constitute the substantive consolidation of the Debtors.  Notwithstanding the deemed consolidation of the Debtors under the Plan, the Debtors treatment of TDH is fair and does not prejudice its asserted liens.

69.    The principal purpose of the Plan is not the avoidance of taxes or the

avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code Section 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

70. The release, injunction, and exculpation provisions (as modified in the Plan Confirmation Order) contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtors and respective Estates.

71. The information contained in the Plan and Disclosure Statement contains adequate information and that no separate disclosure statement is required under Section 1125(f)(1) of the Bankruptcy Code.

72. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

73. The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

74. The Court may properly retain jurisdiction over the matters set forth in the Plan and Bankruptcy Code Section 1142 of the Bankruptcy Code. It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 21 of 24

terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

75.     Pursuant to Section 1146(c) of the Bankruptcy Code: (a) the issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

76.     In accordance with Section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims that all Holders of Claims may have with respect to any Allowed Claim or any distribution to be made on account of such Allowed Claim. The compromise and settlement of such Claims embodied in the Plan are in the best interests of the Debtor, the Estate, and all Holders of Claims, and are fair, equitable, and reasonable.

77.     Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

78.     Based on the foregoing findings and conclusions, it is appropriate for

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 22 of 24

the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Approved as to form:


/s/ Neil J. Verbrugge
Neil J. Verbrugge, Esq.
Counsel for Office of U.S. Trustee

Approved as to form:


Ted N. Pettit, Esq.
Maria Amparo V. McCormick, Esq.
Counsel for Tianjin Dinghui Hongjun Equity Investment Partnership


/s/ Susan Tius, Esq.
Susan Tius, Esq.
Counsel for MRGC LLC and
Kehalani Commercial Associates LLC


/s/ Cynthia M. Johiro
Cynthia M. Johiro, Esq.
Counsel for Department of Taxation, State of Hawaii


/s/ Ross Uehara-Tilton
Michael A. Yoshida, Esq.
Ross Uehara-Tilton, Esq.
Counsel for Rudolph Anderson

/s/ Stephen LaPlante

Stephen LaPlante , Esq.
Steven Guttman, Esq.
Counsel for Zhiyong Huang, Anjie Sun,
Hao Fan, Lijun Qian, Shengyang Bi,
Zhongyong Su and Zhouren Lou




Submitted by:

CHOI & ITO
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
Email: cchoi@hibklaw.com;
aito@hibklaw.com
Counsel for Debtors and
Debtors-in-Possession

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 500   Filed  05/13/22   Page 24 of 24