**Date Signed:**
**June 21, 2022**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>PACIFIC LINKS U.S. HOLDINGS, INC., a Delaware Corporation,<br><br>Debtor and<br>Debtor-in-Possession. | Bk. No. 21-00094<br>(Chapter 11)<br>(Jointly Administered) |
| This document relates to:<br><br>ALL CASES | HEARING<br>Date: June 13, 2022<br>Time: 2:00 p.m.<br>Judge: Hon. Robert J. Faris<br><br>[Relates to Dkt. 504, 506, 516, 517, 527] |

ORDER APPROVING BID PROCEDURES FOR SALE OF
SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND RELATED RELIEF

The *Motion For Order Approving Bid Procedures For Sale Of Substantially*

*All Of Debtor's Assets And Related Relief* ("Motion")[1] filed by Pacific Links U.S.

Holdings, Inc., Hawaii MVCC LLC, Hawaii MGCW LLC, MDRE LLC, MDRE 2

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Purchase and Sale Agreement (the "Agreement") attached to the Motion as Exhibit "A".

83153

LLC, MDRE 3 LLC, MDRE 4 LLC, and MDRE 5 LLC, debtors and debtors-in-possession (collectively, the "Debtors") on May 16, 2022, came on for an audio hearing before the Honorable Robert J. Faris, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Hawaii (the "Court") on June 13, 2022.

Chuck C. Choi, Esq. and Allison A. Ito, Esq. appeared on behalf of the Debtors. Susan Tius, Esq. appeared for MRGC LLC and Kehalani Commercial Associates LLC (together "Towne"). Ted N. Pettit, Esq. appeared for Tianjin Dinghui Hongjun Equity Investment Partnership ("CDH"). Neil J. Verbrugge, Esq. appeared for the Office of the United States Trustee ("UST"). Michael A. Yoshida, Esq., appeared for Rudolph J. Anderson. Steven Guttman, Esq. appeared for Lijun Qian, Shengyang Bi, Zhongyong Su, and Zhouren Lou. Warren Kim, Esq. appeared for KH Gangwon Development Inc.

The Court having reviewed the Motion, the Declaration of Wei Zhou in Support thereof, the Joinder filed by Rudolph J. Anderson, the Conditional Consent filed by Towne, the Limited Objection filed by the UST, the Debtors' Reply (modifying certain proposed Bidding Procedures), and having heard the statements of counsel regarding the relief requested in the Motion at the hearing, the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

(c) notice of the hearing on the Motion was sufficient under the circumstances; and good cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED, as modified by the Reply.

2.      The selection of KH Gangwon Development, Inc. (the "Buyer") as the "stalking horse" bidder pursuant to Bidding Procedures set forth in the proposed Agreement for the "Property"[2] is in the best interests of the Debtors, their estates and creditors, and reflects the sound exercise of the Debtors' business judgment. The proposed stalking horse bid from Buyer provides the Debtors with a fair and adequate baseline price for the Assets at the Auction (if held) and thus provides a benefit to the Debtors, their estates and creditors.

3.      The proposed Bidding Procedures are a material inducement for, and condition of, the Buyer's execution of the Agreement and Buyer is unwilling to remain obligated to consummate the Agreement or be bound to the Agreement (including the obligations to maintain its committed offer while such offer is subject to higher or better offers as contemplated by the Bidding Procedures) without the protections set forth in the Bidding Procedures.

---

[2] The Agreement defines "Property" to include, among other things, the "Real Property" (land and improvements) and "Personal Property" consisting of tangible personal property such as FF&E and intangible property including trademarks, but excluding accounts receivable.

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 540   Filed  06/21/22   Page 3 of 10

4.      The Bidding Procedures for the Auction of as more fully set forth in

Section 8.6.3 of the Agreement[3] are approved as modified herein:

>   8.6.3.1.      Competing offers to acquire the Property shall be submitted on or before **5:00 p.m. Hawaii Standard Time, June 29, 2022** in writing to Seller's counsel, Chuck C. Choi, Esq., Choi & Ito, Attorneys at Law, 700 Bishop Street, Suite 1107 Honolulu, Hawaii 96813, cchoi@hibklaw.com.

>   8.6.3.2.      Competing offers shall provide for an all-cash purchase price to be paid to Seller that exceeds the Purchase Price by at least SIX HUNDRED THOUSAND AND NO/100 DOLLARS ($600,000.00), which reflects a TWO HUNDRED THOUSAND AND NO/100 DOLLARS ($200,000.00) initial overbid plus the FOUR HUNDRED THOUSAND AND NO/100 DOLLARS ($400,000.00) Break-Up Fee (as hereinafter defined).

>   8.6.3.3.      Competing offers shall be accompanied by a purchase agreement in form and substance substantially identical this Agreement, together with a redlined, marked copy showing all changes to this Agreement, except there shall be no Condition Precedents or contingencies other than those expressly set forth in Section 10.1 of this Agreement, no due diligence provision and no right to terminate after a due diligence review, no break-up fee, topping fee, termination fee, expense reimbursement or similar type of payment, no financing conditions, and no internal approval conditions ("Competing Agreement").

>   8.6.3.4.      The Competing Agreement shall not be subject to a due diligence period or right to terminate after a due diligence review or any other due diligence contingencies. Any qualified bidder may have an opportunity to evaluate the Property prior to the

---

[3] To the extent there is any inconsistency between this Order and Section 8.6.3 of the Agreement, the Order shall govern.

4

submission of a Competing Agreement. Prior to being permitted to conduct any due diligence, a party must execute a confidentiality agreement in form and substance satisfactory to Seller. Seller will provide parties interested in acquiring the Property with reasonable access to Seller's books, records, independent accountants and legal counsel for the purpose of conducting such due diligence. Seller shall not be required to provide confidential or proprietary information to a potential buyer if Seller reasonably believes that such disclosure would be detrimental to the interests of Seller. All due diligence review must be completed by all qualified bidders prior to submitting a Competing Agreement.

8.6.3.5.    Competing offers must remain open until the conclusion of the hearing on the Sale Motion.

8.6.3.6.    Competing offers must be accompanied by admissible evidence in the form of affidavits or declarations establishing the bidder's good faith within the meaning of Section 363(m) of the Bankruptcy Code.

8.6.3.7.    Competing offers must be accompanied by admissible evidence in the form of affidavits or declarations establishing that the bidder is capable and qualified, financially, legally, and otherwise, of unconditionally performing all obligations under the Competing Agreement.

8.6.3.8.    Competing offers must contain information, acceptable to Seller, which demonstrates to Seller in its sole and absolute discretion that the potential buyer has sufficient cash on hand or a binding financial commitment from an established and financially sound financial institution to ensure such potential buyer's ability to meet its commitments and otherwise fully perform pursuant to its offer.

8.6.3.9. Competing offers must disclose the identity of the potential buyer, including confirmation that its bid is

5

made as principal for the potential buyer's account and, if not, the basis upon which the potential buyer is acting and the identities of all other participants, if any. The potential buyer must also disclose any agreements or understandings between the potential buyer and any third party with respect to the Property. The offer must also be accompanied by sufficient indicia that the person submitting the offer is legally empowered, by power of attorney or otherwise, to (i) bid on behalf of the potential buyer, and (ii) complete and sign, on behalf of the potential buyer, a binding and enforceable Competing Agreement.

8.6.3.10. Competing offers may not request or entitle the potential buyer to any fee, including, but not limited to, a break-up fee, topping fee, termination fee, expense reimbursement or similar type of payment. Moreover, by submitting a competing offer, a potential buyer shall be deemed to waive the right to pursue a substantial contribution claim under Section 503 of the Bankruptcy Code related in any way to the sale of the Property.

8.6.3.11. All competing offers must be accompanied by a cashier's check made payable to the order of Seller in an amount of ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($1,500,000.00) ("Over Bidder's Deposit"), and further provide that (1) if the Bankruptcy Court approves a sale of the Property to that bidder, Seller may retain the Over Bidder's Deposit for application as a non-refundable deposit to be applied against the purchase price at the closing of the transaction, and (2) if the Bankruptcy Court does not approve a sale of the Property to that bidder, Seller will return the Over Bidder's Deposit within five (5) Business Days after entry of the order of the Bankruptcy Court disapproving such sale.

8.6.3.12. All competing offers must contain a proposed scheduled closing date that is not later than the Scheduled Closing Date set forth in this Agreement.

U.S. Bankruptcy Court - Hawaii  #21-00094  Dkt # 540  Filed  06/21/22  Page 6 of 10

8.6.3.13. In order to provide adequate assurance of future performance under the executory contracts and leases designated for assignment and assumption, all qualified bidders shall submit a declaration with evidence demonstrating that they have sufficient financial resources to perform fully and timely under any assumed contracts and leases.

If any bidders have submitted a qualifying competing offer in accordance with these Bidding Procedures (each such bid, a "Qualified Bid"), then a public auction of the Property ("Auction") shall be held via Zoom (link to be provided) and recorded by Seller's counsel on **June 30, 2022 at 3:00 p.m. Hawaii Standard Time**. Members of the public may attend the Auction, it being understood that such members cannot impede the progress of the Auction. The Auction shall be governed by the following procedures:

i. All bidders shall be deemed to have consented to the jurisdiction of the Bankruptcy Court and to have waived any right to jury trial in connection with any disputes relating to the Auction or the sale of the Property.

ii. Bidding will commence at the amount of the highest Qualified Bid.

iii. Each subsequent bid shall be in increments of no less than ONE HUNDRED THOUSAND AND NO/100 DOLLARS ($100,000.00). In the event Buyer makes any overbids, Buyer shall not be required to provide an Over Bidder's Deposit. Seller recognizes that in the event of overbidding, the net economic value to the bankruptcy estate will be reduced by the Break-Up Fee and also wishes to incentivize Buyer to bid further. Consequently, Seller agrees that in each round of bidding, Buyer shall receive a bid credit in the amount of the Break-Up Fee.

iv. Any bidder that fails to submit a timely, conforming Qualified Bid, as set forth above, shall be disqualified

7

from bidding for the Property at the Auction, shall not be permitted to make any statements on the record at the Auction, and shall have no standing at the hearing on the Sale Motion.

v. All qualified bidders must appear in person at the Auction, or through a duly authorized representative. If multiple Qualifying Bids satisfying all Auction requirements are received, each party shall have the right to continue to improve its bid at the Auction. The Auction will be an 'open format' such that all participants are contemporaneously to be made aware of the particulars of any Qualified Bids that are submitted.

vi. Seller may conduct the Auction in all respects in the manner it determines will result in the highest, best or otherwise financially superior offer for the Property provided that such manner is not inconsistent with the provisions of the Sale Motion or the Bankruptcy Code.

vii. At the conclusion of the Auction, Seller may enter into a purchase and sale agreement with a back-up prospective buyer ("Back-up Buyer").

viii. If no timely, conforming Qualified Bid is submitted, Seller will request at the hearing on the Sale Motion that the Bankruptcy Court approve the proposed sale to Buyer.

5.      If the Property is sold to a party other than Buyer pursuant to an order entered by the Court, the Debtors are authorized and directed to pay, at closing, a break-up fee of $400,000.00 to Buyer.

6.      The Debtors shall have the right, in their reasonable business judgment and consistent with their fiduciary duties and applicable law, to modify the Bidding Procedures including (a) waiving terms and conditions with respect to

8

any prospective bidder, (b) extending the deadlines, and (c) providing such other reasonable accommodations to a potential bidder to promote further bids, provided, however, that such modifications shall not be materially inconsistent with the Bidding Procedures or this Order.

**END OF ORDER**

**Approved as to form:**

/s/ Warren Kim
WARREN KIM, ESQ.
Counsel for KH Gangwon Development, Inc.

/s/ Susan Tius
SUSAN TIUS, ESQ.
Counsel for MRGC LLC and
Kehalani Commercial Associates LLC

/s/ Neil J. Verbrugge
NEIL J. VERBRUGGE, ESQ.
Counsel for Office of U.S. Trustee

/s/ Michael A. Yoshida
MICHAEL A. YOSHIDA, ESQ.
Counsel for Rudolph Anderson

/s/ Steven Guttman
STEVEN GUTTMAN, ESQ.
Counsel for Lijun Qian, Shengyang Bi,
Zhongyong Su and Zhouren Lou


[signature waived]
TED N. PETTIT, ESQ.
Counsel for Tianjin Dinghui Hongjun Equity Investment Partnership

9

**SUBMITTED BY:**

CHOI & ITO
Attorneys at Law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com
aito@hibklaw.com

Attorneys for Debtors
and Debtors-in-Possession

U.S. Bankruptcy Court - Hawaii   #21-00094   Dkt # 540   Filed  06/21/22   Page 10 of 10